JONATHAN C. REED, ESQ.
Nevada Bar # 1454
DOUGLAS A. REED, ESQ.
Nevada Bar # 11250
REED & MANSFIELD
6655 W. Sahara Ave. B-200
Las Vegas, Nevada 89146
Phone number: 702- 343-0494
Facsimile: 702- 363-8316
E-mail: Nevatt702@yahoo.com

Attorneys' for Plaintiff: TORGERSON

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CAROL TORGERSON

    Plaintiff,

vs.

BEN J. BINGHAM, BENSON & BINGHAM, LLC dba BENSON & BINGHAM ATTORNEYS AT LAW, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, KATHLEEN SEBELIUS, in her official capacity as Secretary of the Department of Health and Human Services,

    Defendants.

Case No. : 2:10-cv-00980-RLH-GWF

## AMENDED COMPLAINT FOR DAMAGES RESULTING FROM NEGLIGENCE

Plaintiff, CAROL TORGERSON, by and through her attorneys of record, REED & MANSFIELD, complains against Defendants, as follows:

### JURISDICTION

As to Defendants BEN J. BINGHAM and BENSON & BINGHAN, dba BENSON & BINGHAM, ATTORNEYS AT LAW [hereinafter LAWYER DEFENDANTS], this is a case

1

of diversity jurisdiction, and is a claim within the meaning of 28 U.S.C. §1332(a)(1). The plaintiff, CAROL TORGERSON, is a resident of Mesa County, Colorado, and intends to remain in that state. The defendants, BEN J. BINGHAM; BENSON & and BENSON & BINGHAM, LLC are residents of Clark County, Nevada. The Plaintiff, CAROL TORGERSON, is claiming damages in excess of one hundred thousand dollars ($100,000.00). Therefore, Jurisdiction is proper in federal court in accordance with 28 U.S.C. §1332(a)(1).

As to Defendants UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and KATHLEEN SEBELIUS in her official capacity as the Secretary of the Department of Health and Human Services, [hereinafter MEDICARE] jurisdiction is based on a question of federal law under 28 U.S.C. §1331.

## VENUE

Venue is proper in the District of Nevada because all LAWYER DEFENDANTS reside in Clark County, Nevada, and the injury complained of occurred in Nevada and most of the money paid out by the United States through its MEDICARE program was paid out in Nevada. Therefore venue is proper in accordance with 28 U.S.C. §1391 (b)(2) and (e)(1 and 2).

## ALLEGATIONS TO ALL CLAIMS AND MADE A PART OF ALL CLAIMS

1. On or about January 31, 2008, Plaintiff underwent a surgical takedown of her colostomy at St. Mary's Hospital in Grand Junction, Colorado. On that date, Plaintiff learned that a foreign object had been left inside of her body from the two prior surgeries she underwent at University Medical Center in Las Vegas, Nevada, during January of 2007. Plaintiff suffered a multi-month admission to the University Medical Center due in whole or part to abdominal infection and also learned on or about January 31, 2008, that the surgery she

just had in Colorado would not resolve her medical issues and that she would need an additional surgery which she did in fact have.

2. Plaintiff suffered great pain of body and mind and incurred medical expenses substantially in excess of $100,000 as a result of her illness or illnesses and came to believe that a large portion of her illness was due to medical negligence as a result of a foreign body which served as a focus of infection. In addition, as a result of the medical malpractice Plaintiff may experience future pain and suffering and future medical specials.

3. Plaintiff hired BENSON & BINGHAM, LLC to represent her in a medical malpractice lawsuit against UMC in case No. A578410 in District Court Dept. XXIII, in the Eighth Judicial District Court of Nevada. BEN J. BINGHAM personally represented the plaintiff, and BENSON & BINGHAM, LLC is liable under respondent superior and as a joint venture.

4. On December 22, 2008, Plaintiff filed a complaint through the law firm of BENSON & BINGHAM, LLC alleging injuries from the January 2007 surgeries performed at UMC.

5. The complaint that was filed by BENSON & BINGHAM, LLC did not have an expert's affidavit attached to the complaint when it was filed as required by NRS 41A.071.

6. The defendants in that action made a motion to dismiss the complaint based on the Plaintiff's failure to attach its expert's affidavit to the complaint when it was filed.

7. On April 15, 2009, the Honorable James Bixler denied the Defendant's Motion to dismiss the complaint.

8. The medical malpractice defendants then submitted a petition for a writ of mandamus challenging the district court order denying their original motion to dismiss the medical malpractice action.

9. On December 4, 2009, The Supreme Court of Nevada granted the medical malpractice defendants' Petition for Writ of Mandamus, holding that the district court was required to dismiss the complaint without prejudice, as it was filed without the necessary medical affidavit and therefore void ab initio.

10. On December 21, 2009, Plaintiff filed a new complaint against the medical malpractice defendants in the Eighth Judicial District Court of Nevada, Case No. A606314, District Court Department Number 15, alleging medical malpractice in the present case with the proper affidavit attached.

11. The District Court ruled that Plaintiff's complaint was time barred pursuant to the Statute of Limitations.

12. The District Court ruled that Plaintiff had until July 23, 2009 to file her complaint in this case.

13. On March 25, 2010, The District Court concluded that pursuant to NRS 41.097(2), the Statute of limitations bars this action.

### FIRST CAUSE OF ACTION:
### (Against BENSON & BINGHAM for Money Damages)

14. Plaintiff incorporates paragraphs 1-13 of the Complaint as though said paragraphs were fully set forth herein.

15. Defendant, BENSON & BINGHAM, LLC owed Plaintiff a duty to properly file a law suit to ensure her right to recovery from the injury she suffered due to medical malpractice. BENSON & BINGHAM, LLC breached that duty by failing to file a proper complaint. Sufficient negligence was committed by BENSON & BINGHAM, LLC to account for the total loss of Plaintiff's case and therefore this defendant is liable to Plaintiff for this loss of her case.

As a direct and proximate result of the negligence of defendant BENSON & BINGHAM, LLC Plaintiff has been damaged.

## SECOND CAUSE OF ACTION:
### (Against BEN J. BINGHAM for Money Damages)

16. Plaintiff incorporates paragraphs 1-15 of the Complaint as though said paragraphs were fully set forth herein.

17. Negligence was committed by BEN J. BINGHAM which amounted to legal malpractice by failing to file a proper complaint.

## THIRD CAUSE OF ACTION:
### (Against all LAWYER DEFENDANTS for Money Damages)

18. Plaintiff incorporates paragraphs 1 through 17 of the Complaint as though said paragraphs were fully set forth herein.

19. Because BEN J. BINGHAM is a partner or employee of BINGHAM & BENSON, LLC, both the named defendants, BEN J. BINGHAM, and BINGHAM & BENSON, LLC are liable to the Plaintiff under the doctrines of respondent superior, joint venture or other doctrines, and each is responsible for all of the Plaintiff's damages.

## FOURTH CAUSE OF ACTION:
### (Declaratory Judgment Against MEDICARE)

20. Plaintiff incorporates paragraphs 1 through19 of the Complaint as though said paragraphs were fully set forth herein.

21. At the time of the filing of the original complaint in this case, Plaintiff's counsel was unable to find any case law on the issue of whether MEDICARE's statutory lien right to recover what it paid out for medical care in a personal injury case also applied in legal malpractice case resulting from a failed medical malpractice case. Since the original complaint was filed, the United States District Court for the District of Oregon, Portland Division, issued

on March 29, 2012, an Opinion and Order interpreting MEDICARE'S subrogation rights under 42 U.S.C. § 1395y(b)(2)(B) as not reaching a recovery from a tortfeasor who did not cause the physical injury necessitating the medical care paid for by MEDICARE.

22. Plaintiff calculates that MEDICARE has paid more than $135,000 for her medical care described above. While, Plaintiff does not allege that all of that care was caused by medical malpractice, she alleges that a substantial portion of the above described care was caused by medical malpractice. Therefore, there is an issue under 42 U.S.C. §1395y(b)(2)(B) as to whether MEDICARE has subrogation rights against Plaintiff's claims against the LAWYER DEFENDANTS.

23. In addition to whether or not MEDICARE has subrogation rights to a legal malpractice claim arising out of a failed medical malpractice case in which MEDICARE paid medical bills alleged to be caused by medical malpractice, a second federal question arises under N.R.S. 42.021. This statute purports to advance the public policy of lessening the expense of medical malpractice claims to health care providers or their insurers by stating that a medical malpractice defendant may introduce evidence that any bills necessitated by medical malpractice were paid at a discount by a collateral source and that the collateral source loses its right of subrogation. N.R.S. 42.021 specifically includes MEDICARE as a collateral source affected by this rule. Insofar as the Nevada statute was advanced with the controversial rationale of making medical care cheaper by curtailing the damages claimable by medical malpractice plaintiffs, it is not clear that MEDICARE will necessarily oppose the validity of this law.

24. Accordingly Plaintiff seeks Declaratory Judgment against MEDICARE on the following issues:

6

A. As an issue of federal law, does MEDICARE have a right of subrogation in a legal malpractice action for a failed medical malpractice action to be reimbursed for money it paid for care allegedly due to the medical malpractice?

B. If the question directly above is answered in the affirmative, does N.R.S. 42.021, as a matter of law, prevent MEDICARE from exercising subrogation rights in a legal malpractice case arising from a failed Nevada medical malpractice case in which the medical specials claimed by the Plaintiff are arguably limited by N.R.S. 42.021?

C. If both questions are answered so as to uphold MEDICARE subrogation rights in this case, as a question of fact, what portion of the more than $135,000 that MEDICARE paid for Plaintiff's care is due to medical malpractice and therefore subject a subrogation claim by MEDICARE?

## PRAYER FOR RELIEF

WHEREFORE, On the first, Second, and Third Causes of Action the Plaintiff prays for compensation from the LAWYER DEFENDANTS on her lost medical malpractice claim consisting of past and future medical specials, and past and future pain and suffering for a sum exceeding one hundred thousand dollars ($100,000.00), for prejudgment interest, costs and attorneys' fees, and any further relief which the Court may deem appropriate.

WHEREFORE, on the Fourth Cause of Action, Plaintiff prays for Declaratory Judgment against MEDICARE as requested in Paragraph 24, supra.

Dated this _____ day of _____, 2012

Respectfully submitted:

_____
JONATHAN C. REED, ESQ.

Nevada Bar #1454
DOUGLAS A. REED, ESQ.
Nevada Bar # 11250
REED & MANSFIELD
6655 W. Sahara Ave. B-200
Las Vegas, Nevada 89146
Phone Number: 702-343-0494
Facsimile: 702-363-8316
Nevatt702@yahoo.com